IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Civil No. 08-cv-278-JPG |
| PABLO SANTIAGO HERNANDEZ-ARENADO Register Number 04139-131, | ) | |
| Respondent. | ) | |
| | | consolidated with |
| PABLO SANTIAGO HERNANDEZ-ARENADO Register Number 04139-131, | ) | |
| Petitioner, | ) | |
| vs. | ) | Civil No. 08-cv-291-JPG |
| IVONNE BAZERMAN and CHRISTOPHER ZYCH, | ) | |
| Respondents. | ) | |

## **MEMORANDUM AND ORDER**

This matter coming before the Court on the United States' motions for stay (Docs. 12 & 16) of the Court's June 9, 2008, order and judgment ordering Pablo Santiago Hernandez-Arenado's ("Hernandez") release within 14 days, that is, on or before June 23, 2008. The first motion asks the Court to stay its order and judgment to allow the Solicitor General to decide whether to appeal this case. While the motion was pending, the United States filed a notice of appeal, rendering its first motion for stay moot. The United States also filed an emergency motion for stay in the Court of Appeals which the Court of Appeals granted in part, issuing a temporary stay until it could resolve the motion to stay for the pendency of the appeal. The second motion to stay filed in this Court asks

the Court to stay its order and judgment during the pendency of the appeal. Hernandez has filed a response addressing the motions (Doc. 19).

As a preliminary matter, the Court is not deprived of jurisdiction to consider the motion before it by the filing of a notice of appeal. Ordinarily, parties must make in the District Court an initial motion to stay an injunction pending appeal. *See* Fed. R. App. P. 8(a)(1). Indeed, to proceed first before the Court of Appeals, the movant seeking a stay must show that moving first in the District Court would be impracticable or that the District Court has denied the motion to stay or failed to afford the relief requested. Fed. R. App. P. 8(a)(2). In this case, neither condition applies, and it is certainly possible and practicable for the Court to rule on the United States' stay request before the Court's deadline for releasing Hernandez or before the extended deadline provided by the Court of Appeals in its temporary stay order. Thus, this Court is the appropriate forum to seek such relief.

As for the substance of the United States' request, when deciding whether to stay a release order pending appeal pursuant to Federal Rule of Civil Procedure 62(c), the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). While there is a presumption that a successful *habeas* petitioner should be released, *see* Fed. R. App. P. 23(c), that presumption can be overcome in light of the foregoing factors. *Id.* at 777.

This case was a close call to begin with, both sides having made compelling arguments as to their legal positions. The Court believes that reasonable jurists could have come out either way

on the question in issue, and that the United States has made a substantial showing that it may succeed on appeal. The Court is further cognizant of the fact that Hernandez is a convicted child molester who appears not to appreciate that his continuing attraction to young boys and willingness to act on that attraction is unacceptable in American society. Thus, the Court believes he is likely to pose a grave danger to children if he is let out of prison. The harm he would be likely to inflict – child sexual molestation – is the sort that devastates victims for their entire lives. The Court believes that the risk of this irreparable, severe and long-lasting harm to the public greatly outweighs Hernandez's liberty interest in his freedom for the relatively short time that remains before the Court of Appeals can decide this case.

For these reasons, the Court finds that the United States has overcome the presumption that Hernandez should be released pursuant to the Court's June 9, 2008, order and judgment. Accordingly, the Court **GRANTS** the motion to stay (Doc. 16) and **STAYS** the June 9, 2008, order and judgment ordering Hernandez's release during the pendency of this appeal. The Court notes that it only has the power to stay its own judgment and does not express an opinion as to whether Judge Rogers's opinion or any proceedings in the Court of Appeals for the Tenth Circuit mandate Hernandez's release. The United States' first motion to stay (Doc. 12) is **MOOT.**

**IT IS SO ORDERED.**
**DATED: June 23, 2008**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**